IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIEL V. GALLEGOS,

      Plaintiff,

vs.                                                                                 No. CIV 20-634 WJ/KRS

KILOLO KIJAKAZI, Acting Commissioner
of the Social Security Administration,

      Defendant.

## ORDER TO SHOW CAUSE

This matter is before the Court upon review of the record. On July 15, 2021, the Court set a briefing schedule and ordered Plaintiff to file a Motion to Reverse or Remand by September 17, 2021. (Doc. 21). Plaintiff did not file a Motion to Remand and did not request an extension of time to do so. This is the second deadline to file a Motion to Remand that Plaintiff has failed to comply with. *See* (Doc. 20) (setting original briefing schedule). The record reflects that both of the Court's orders setting briefing schedules were mailed to Plaintiff at his address of record.

Pro se litigants are required to follow the Federal Rules of Procedure, the Court's Local Rules, and orders entered by the Court. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (explaining a party's pro se status does not excuse his obligation to comply with the fundamental requirements of civil procedure rules or orders of the Court); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994) (explaining pro se parties must comply with same procedural rules that govern all other litigants). Rule 41(b) of the Federal Rules of Civil Procedure authorizes the Court to dismiss an action for failure to prosecute *sua sponte*. *See Olsen v.*

*Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).  Additionally, the Court may impose sanctions under its inherit power to regulate its docket and promote judicial efficiency when an attorney or pro se party willfully disobeys a court order.  See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991); *Martinez v. IRS*, 744 F.2d 71, 73 (10th Cir. 1984).  Similarly, under Rule 16(f), the Court may impose sanctions if a party or an attorney fails to obey a scheduling or other pretrial order.  See Fed. R. Civ. P. 16(f)(1)(C); *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (explaining Rule 16(f) gives courts "very broad discretion to use sanctions where necessary to insure … the expeditious and sound management of the preparation of cases for trial") (citation omitted).  One such sanction within the discretion of the Court is to dismiss an action for want of prosecution.  See, e.g., *Link v. Wabash R.R. Co.*, 370 U.S. 626, 628-30 (1962); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 856 (10th Cir. 2005).

     IT IS THEREFORE ORDERED that **no later than October 8, 2021**, Plaintiff must show cause in a written document why his case should not be dismissed for failure prosecute. Plaintiff is warned that failure to comply with this Order will result in dismissal of his case.

*/s/ Kevin Sweazea*
_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE