IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DANIEL V. GALLEGOS,

      Plaintiff,

vs.                                                                                          No. CIV 20-634 WJ/KRS

KILOLO KIJAKAZI, Acting Commissioner
of the Social Security Administration,

      Defendant.

ORDER EXTENDING TIME TO FILE MOTION TO REVERSE OR REMAND

This matter is before the Court on Plaintiff's Response to Order to Show Cause, (Doc. 26), filed October 4, 2021. The Court ordered Plaintiff to show cause why his case should not be dismissed for failing to comply with two deadlines the Court set for him to file a Motion to Reverse or Remand. *See* (Docs. 20, 21). In his response, Plaintiff states he did not receive one of the Court's scheduling orders, and he requests that his case remain active and the court proceedings be expedited. He also attaches a medical summary from his doctor.

Plaintiff's response does not set forth good cause as to why he has twice failed to comply with the Court's orders to file a Motion to Reverse or Remand. While Plaintiff states he did not receive the Court's orders, he confirms that the address on the Court's docket is correct, and the docket reflects the orders were mailed to that address. As explained in the Order to Show Cause, pro se litigants are required to follow the Federal Rules of Procedure, the Court's Local Rules, and orders entered by the Court. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (explaining a party's pro se status does not excuse his obligation to comply with the fundamental requirements of civil procedure rules or orders of the Court); *Nielsen v. Price*, 17

F.3d 1276, 1277 (10th Cir.1994) (explaining pro se parties must comply with same procedural rules that govern all other litigants). Nevertheless, considering Plaintiff's pro se status, the Court will construe Plaintiff's response as a request to extend his deadline to file a Motion to Reverse or Remand and will set a third and final deadline for him to do so.

Plaintiff is reminded that Rule 41(b) of the Federal Rules of Civil Procedure authorizes the Court to dismiss an action for failure to prosecute *sua sponte*. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Additionally, the Court may impose sanctions under its inherit power to regulate its docket and promote judicial efficiency when an attorney or pro se party willfully disobeys a court order. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991); *Martinez v. IRS*, 744 F.2d 71, 73 (10th Cir. 1984). Similarly, under Rule 16(f), the Court may impose sanctions if a party or an attorney fails to obey a scheduling or other pretrial order. *See* Fed. R. Civ. P. 16(f)(1)(C); *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (explaining Rule 16(f) gives courts "very broad discretion to use sanctions where necessary to insure … the expeditious and sound management of the preparation of cases for trial") (citation omitted). One such sanction within the discretion of the Court is to dismiss an action for want of prosecution. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 628-30 (1962); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 856 (10th Cir. 2005). **Accordingly, if Plaintiff fails to file a Motion to Reverse or Remand in accordance with this Order, the Court may recommend this case be dismissed**.

IT IS THEREFORE ORDERED that **no later than November 8, 2021**, Plaintiff shall file a Motion to Reverse or Remand Administrative Agency Decision with a supporting memorandum of law. The Motion shall specifically cite to the administrative record for

assertions of fact (e.g., AR 15), and legal propositions shall be supported by appropriate authority.

IT IS FURTHER ORDERED that, if Plaintiff files a Motion to Reverse or Remand by November 8, 2021, Defendant shall file a response by **January 7, 2022**, and Plaintiff may file a reply by **January 21, 2022**.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE